NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JANE McAULAY; STEPHEN McAULAY, | No. 14-35772 |
| Plaintiffs-Appellants, | D.C. No. 3:13-cv-01611-PK |
| v. | |
| PAT GARRETT, Washington County Sheriff; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Paul J. Papak II, Magistrate Judge, Presiding**

Submitted December 14, 2016***

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Jane and Stephen McAulay appeal pro se from the district court's summary

judgment in their 42 U.S.C. § 1983 action alleging violation of their Fourth

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

\*\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Amendment right against unreasonable search in relation to the service of civil summons by sheriff's deputies. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Doe v. Abbott Labs.*, 571 F.2d 930, 933 (9th Cir. 2009), and we affirm.

The district court properly granted summary judgment because the McAulays failed to raise a genuine dispute of material fact as to whether the service of the summons at their residence amounted to an unlawful search in violation of the McAulays' Fourth Amendment rights. *See United States v. Jones*, 132 S. Ct. 945, 951 n.5 (2012) ("Trespass alone does not qualify [as a search], but there must be conjoined with that . . . an attempt to find something or obtain information."); *see also United States v. Orlander*, 584 F.2d 876, 888 (9th Cir. 1978), *vacated on other grounds by Minnich v. United States*, 443 U.S. 914 (1979) ("There is no violation of the Fourth Amendment when an officer comes upon private property to serve legal process, so long as there is no breaking or entering of a dwelling or other building of a type protected by the Amendment.").

**AFFIRMED.**